IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE FRANK STEPHENSON,
    Plaintiff,

vs.                                                                       Case No. 3:11cv418/MCR/CJK

WARDEN D. ELLIS, et al.,
    Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The Court has reviewed the complaint and concludes that this case should be dismissed, because plaintiff has not presented and cannot present an actionable claim under § 1983.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Florida State Prison. (Doc. 1). Plaintiff was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to his complaint. Plaintiff's complaint names four defendants, all prison officials at Santa Rosa CI: Warden Ellis, Sergeant Given, Correctional Officer Frizzell and Correctional Officer Griffiths. (Doc. 1, pp. 3-6).[1] All defendants are sued in their

---

[1] Plaintiff has blocked out all pages numbers on his complaint. Accordingly, all references to page numbers are to those assigned by the Court's Electronic Filing system.

individual capacities. Plaintiff alleges that on August 1, 2007, defendant Griffiths wrote plaintiff a charging disciplinary report for lewd and lascivious exhibition, based on Griffiths' witnessing plaintiff masturbating upon seeing a female correctional officer, and also based upon plaintiff's cellmate reporting that plaintiff masturbated every time a female came within view. (Doc. 1, p. 11 and Ex. A). That same date, defendant Griffiths wrote plaintiff a separate charging disciplinary report for spoken threats, based on Griffiths' overhearing plaintiff verbally threaten the inmate who "snitched" on him about the masturbating. (*Id*., p. 12 and Ex. B). Plaintiff states that he was initially found guilty of both infractions and was due to lose gain time; however, both disciplinary convictions were dismissed or overturned on appeal. (*Id*., p. 12 and Ex. C). On August 13, 2007, defendant Frizzell wrote plaintiff a charging disciplinary report for possession of a weapon, based on Frizzell's witnessing a plastic bag fall out of plaintiff's hand and, upon investigation, discovering a sharpened metal object in the bag. (*Id*., p. 12 and Ex. D). The weapons charge was dismissed at disciplinary hearing. (*Id*., p. 13 and Ex. E). On September 14, 2007, defendant Given wrote plaintiff a charging disciplinary report for creating a minor disturbance, based upon Given's witnessing plaintiff yell into the wing and kick his cell door. (*Id*., p. 13 and Ex. F). Plaintiff was found guilty of the infraction and sentenced to 30 days in punitive segregation. (*Id*., p. 14). Plaintiff's disciplinary conviction was overturned on appeal. (*Id*., p. 14 and Ex. G). Based on these allegations, plaintiff seeks to hold defendants Given, Frizzell and Griffiths liable for malicious prosecution in violation of the Fourth Amendment. (*Id*., p. 16). Plaintiff also claims that Given's, Frizzell's and Griffiths' filing of the "false" disciplinary reports violated plaintiff's due process rights under the Fourteenth Amendment, because the reports caused plaintiff to be reassigned to disciplinary segregation.

Plaintiff claims that defendant Ellis violated the Fourteenth Amendment and acted negligently under Florida law, when Ellis "fail[ed] . . . to take disciplinary or other actions to curb the known pattern of filing false disciplinary reports against inmates by defendants Given, Frizzell and Griffiths." (*Id*., p. 15). As relief, plaintiff seeks a judgment declaring that the defendants violated his constitutional rights, an injunction requiring the defendants to receive sensitivity training, compensatory damages, punitive damages, and any other relief the Court deems just, proper and equitable. (*Id*., p. 17).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to

plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

"Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (*citing Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)). "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (*citing Almand*, 103 F.3d at 1513).

The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986). This is primarily because the Constitution requires only that the inmate be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. *Freeman*, 808 F.2d at 952. A prisoner's allegation of false disciplinary charges fails to state a claim so long as due process was provided. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Plaintiff's own allegations state that a hearing was provided on each disciplinary charge. Plaintiff does not suggest that the process afforded him was constitutionally inadequate. Plaintiff's only complaint is

that the charges were "false." This alone does not amount to a constitutional violation.

Even if plaintiff suggested that the disciplinary proceedings were somehow unfair, his complaint fails to state a plausible due process violation. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Although there is no constitutional right not to be placed in disciplinary segregation, the Supreme Court has recognized that states may create liberty interests which are protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300, 132 L. Ed.2 d 418 (1995). State action in the prison context will not violate due process unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484, 115 S. Ct. 2293. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485, 115 S. Ct. 2293. *In Sandin*, the Supreme Court found that the defendant's being placed in disciplinary segregation for thirty days was neither a "dramatic departure" from the ordinary conditions of confinement, nor a "major disruption in his environment." *Id*. at 485-86, 115 S. Ct. 2293. Plaintiff has not set forth any facts tending to show that the state's placing him in disciplinary segregation was either "atypical" or imposed a "significant hardship." *See id.* at 484, 115 S. Ct. 2293. Accordingly, plaintiff fails to allege facts showing that the defendants' conduct could result in a due process violation. *See, e.g., Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (dismissing prisoner's due process claim arising from prison

official's allegedly "false" disciplinary report that was later overturned; prisoner's allegation that he spent over two months in administrative confinement as a result of the charge failed to show that prisoner was deprived of a constitutionally protected liberty interest as defined in *Sandin*).

Plaintiff's complaint also fails to sufficiently allege a § 1983 malicious prosecution claim. A malicious prosecution claim under § 1983 requires a showing of "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (*citing Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). Florida's common law tort of malicious prosecution requires plaintiff to show the following elements: (1) that an original judicial proceeding was commenced or continued against him; (2) that the defendants were the legal cause of the original proceeding; (3) that the termination of the original proceeding constituted a bona fide termination of that proceeding in plaintiff's favor; (4) that there was an absence of probable cause for the original proceeding; (5) that there was malice on the defendants' part; and (6) that plaintiff suffered damages as a result of the original proceeding. *Id*. (citing *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002)). Additionally, a Fourth Amendment violation "requires an intentional acquisition of physical control. A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596, 109 S. Ct. 1378, 1381, 103 L. Ed. 2d 628 (1989) (internal citations omitted). Plaintiff alleges that the defendants initiated proceedings against him, which were terminated in his favor, but plaintiff's allegations fail to suggest that the defendants

acted maliciously, that the proceedings were without probable cause, or that plaintiff suffered any damages as a result. *See Kingsland*, 382 F.3d at 1234.

Plaintiff's complaint fails to state a claim for relief under § 1983 that is plausible on its face, as plaintiff alleges neither a § 1983 due process violation, nor a § 1983 malicious prosecution claim. Having disposed of plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim against defendant Ellis. 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citations omitted).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile; therefore, the Court should dismiss this action without allowing amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

   2.  That the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim, and DISMISS that claim without prejudice.

   3.  That the Clerk be directed to close the file.

   At Pensacola, Florida this 30th day of April, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).