IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE FRANK STEPHENSON,
     Plaintiff,

vs.                      Case No. 3:11cv418/MCR/CJK

WARDEN D. ELLIS, et al.,
     Defendants.

---

## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. §§ 1983, 1985 and 1986. (Doc. 24). The Court has reviewed the complaint and concludes that this case should be dismissed, because plaintiff fails to present an actionable claim under § 1983, § 1985, or § 1986.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Suwannee Correctional Institution. (Doc. 24). Plaintiff was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving

---

[1] The undersigned's first Report and Recommendation recommended that all of plaintiff's federal claims be dismissed with prejudice. (Doc. 10). The Report and Recommendation was adopted by the District Judge with the exception that the dismissal was "without prejudice to allow the plaintiff an opportunity to amend the complaint." (Doc. 12). Plaintiff's present complaint (doc. 24) is plaintiff's second amendment. (*See* docs. 17, 23 and 25).

rise to his complaint. Plaintiff's complaint names four defendants, all prison officials at Santa Rosa CI: Warden Ellis, Sergeant Given, Correctional Officer Frizzell and Correctional Officer Griffiths. (Doc. 24, pp. 8-9).[2] All defendants are sued in their individual and official capacities. Plaintiff's factual allegations are identical to those of his original complaint. Plaintiff alleges that on August 1, 2007, defendant Griffiths wrote plaintiff a charging disciplinary report for lewd and lascivious exhibition, based on Griffiths' witnessing plaintiff masturbating upon seeing a female correctional officer, and also based upon plaintiff's cellmate reporting that plaintiff masturbated every time a female came within view. (Doc. 24, p. 16 and Ex. A). That same date, defendant Griffiths wrote plaintiff a separate charging disciplinary report for spoken threats, based on Griffiths' overhearing plaintiff verbally threaten the inmate who "snitched" on him about the masturbating. (*Id*., p. 17 and Ex. B). Plaintiff states that he was initially found guilty of both infractions and was due to lose gain time; however, both disciplinary convictions were dismissed. (*Id*., p. 17 and Ex. C). On August 13, 2007, defendant Frizzell wrote plaintiff a charging disciplinary report for possession of a weapon, based on Frizzell's witnessing a plastic bag fall out of plaintiff's hand and, upon investigation, discovering a sharpened metal object in the bag. (*Id*., pp. 17-18 and Ex. D). The weapons charge was dismissed at the disciplinary hearing. (*Id*., p. 18 and Ex. E). On September 14, 2007, defendant Given wrote plaintiff a charging disciplinary report for creating a minor disturbance, based upon Given's witnessing plaintiff yell into the wing and kick his cell door. (*Id*., p. 18 and Ex. F). Plaintiff was found guilty of the infraction and sentenced to 30 days

---

[2]Plaintiff did not paginate his complaint. Accordingly, all references to page numbers are to those assigned by the Court's Electronic Case Filing system.

in punitive segregation. (*Id*., p. 19). Plaintiff's disciplinary conviction was overturned on appeal and was not rewritten. (*Id*., p. 19 and Ex. G).

Based on the foregoing allegations, plaintiff asserts the following claims: (1) defendants Given, Frizzell and Griffiths maliciously prosecuted plaintiff in violation of the Fourth Amendment (*id*., p. 21); (2) defendants Given's, Frizzell's and Griffiths' filing of the "false" disciplinary reports violated plaintiff's due process rights under the Fourteenth Amendment, because the reports caused plaintiff to be reassigned to punitive disciplinary segregation (*id*., p. 21); (3) defendant Griffiths' filing of "false" disciplinary reports violated plaintiff's due process rights under the Fourteenth Amendment, because the reports caused plaintiff to be placed in punitive segregation for 30 days and lose good time credits (*id*., p. 21); (4) defendants Given, Frizzell and Griffiths conspired to violate plaintiff's civil rights by writing him false disciplinary reports, in violation of 42 U.S.C. §§ 1985 and 1986 (*id*., p. 22); (5) plaintiff's placement in segregation as the result of the "false" disciplinary reports constituted an unreasonable seizure in violation of the Fourth Amendment (*id*., p. 22); (6) defendant Ellis is liable for defendants Given's, Frizzell's and Griffiths' violation of plaintiff's Fourteenth Amendment rights because Ellis failed to take disciplinary or other action to curb the known pattern of those officers filing false disciplinary reports against inmates (*id*., p. 20); and (7) defendant Ellis' "failure . . . to ensure that his correctional officers would not commit patently illegal acts, and were properly supervised and trained constituted negligence" in violation of state law (*id*., pp. 20-21). As relief, plaintiff seeks a judgment declaring that the defendants violated his constitutional rights, an injunction requiring the defendants to receive sensitivity

training, compensatory damages, punitive damages, and any other relief the Court deems just, proper and equitable. (*Id.*, pp. 20, 23).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).   A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549

U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's second amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff fails to state a plausible claim for compensatory or punitive damages. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. §§ 1983, 1985 and 1986, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged harm occurred while plaintiff was in custody. Plaintiff's damages claims are based on the mental and emotional injury plaintiff suffered as a result of the allegedly false disciplinary reports, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). Plaintiff identifies no physical injury arising from the disciplinary reports, much less physical injury that is more than *de minimis*. Plaintiff is therefore prohibited under the PLRA from bringing his compensatory and punitive damages claims. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional

conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Plaintiff's claims for declaratory and injunctive relief are moot, because plaintiff is no longer housed at Santa Rosa CI – the place where the defendants are located and where plaintiff's complaint arose. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986).

Plaintiff's general prayer for relief – "any additional relief this court deems just, proper and equitable" – could be liberally construed as requesting nominal damages. Accordingly, the Court has conducted a substantive review of plaintiff's allegations and again concludes that plaintiff's federal claims should be dismissed with prejudice, because plaintiff fails to state a plausible claim for relief under 42 U.S.C. §1983, §1985, or § 1986.

"Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (*citing Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)). "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (*citing Almand*, 103 F.3d at 1513).

"[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Plaintiff fails to establish that he was deprived of a constitutionally-protected liberty interest. Plaintiff admits, and his exhibits demonstrate, that all of the disciplinary reports were either dismissed or overturned. To the extent plaintiff suggests that his placement in segregation during the pendency of the disciplinary hearing/appeal process deprived him of a liberty interest, plaintiff fails to state a plausible due process claim in light of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2 d 418 (1995). The Supreme Court in *Sandin* held that state action in the prison context will not violate due process unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484, 115 S. Ct. 2293. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485, 115 S. Ct. 2293. The Court concluded in *Sandin* that the prisoner's placement in disciplinary segregation for thirty days was neither a "dramatic departure" from the ordinary conditions of confinement, nor a "major disruption in his environment." *Id*. at 485-86, 115 S. Ct. 2293.

Here, plaintiff fails to show that his placement in "punitive segregation" was either "atypical" or imposed a "significant hardship." *See id.* at 484, 115 S. Ct. 2293. Further, the exhibits attached to plaintiff's complaint establish that plaintiff did not lose gaintime for defendant Griffiths' DR charging lewd or lascivious exhibition,

because the disciplinary conviction was dismissed. (Doc. 24, Ex. C). Accordingly, plaintiff fails to allege facts showing that defendants' conduct deprived him of a liberty interest protected by the Due Process Clause. *See, e.g., Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (dismissing prisoner's due process claim arising from prison official's allegedly "false" disciplinary report that was later overturned; prisoner's allegation that he spent over two months in administrative confinement as a result of the charge failed to show that prisoner was deprived of a constitutionally protected liberty interest as defined in *Sandin*). Even if plaintiff could establish the violation of a constitutionally-protected liberty interest, plaintiff fails to show that the administrative process provided him – a process which ultimately resulted in dismissal of the charges or overturning of the conviction(s) on appeal – was constitutionally inadequate.

Plaintiff's complaint also fails to sufficiently allege a § 1983 claim for malicious prosecution or "unreasonable seizure". A malicious prosecution claim under § 1983 requires a showing of "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (*citing Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). Florida's common law tort of malicious prosecution requires plaintiff to show the following elements: (1) that an original judicial proceeding was commenced or continued against him; (2) that the defendants were the legal cause of the original proceeding; (3) that the termination of the original proceeding constituted a bona fide termination of that proceeding in plaintiff's favor; (4) that there was an absence of probable cause for the original proceeding; (5) that there was malice on the

defendants' part; and (6) that plaintiff suffered damages as a result of the original proceeding. *Id*. (*citing Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002)). Additionally, a Fourth Amendment violation "requires an intentional acquisition of physical control." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596, 109 S. Ct. 1378, 1381, 103 L. Ed. 2d 628 (1989) (internal citations omitted). Plaintiff alleges that the defendants initiated disciplinary proceedings against him, which were terminated in his favor, but plaintiff's allegations fail to suggest that the defendants acted maliciously, that the proceedings were without probable cause, or that plaintiff suffered any damages as a result. *See Kingsland*, 382 F.3d at 1234; *see also e.g., Shaarbay v. Palm Beach Cnty. Jail*, 350 F. App'x 359, 362 (11th Cir. 2009) (dismissing prisoner's claims of malicious prosecution and a Fourth Amendment seizure violation; inmate alleged that prison officials initiated disciplinary proceedings against him, which were terminated in his favor, and that the officers fabricated their testimony, which could show malice, but prisoner did not allege that the disciplinary proceeding was without probable cause or that he suffered any damages as a result.").

Plaintiff fails to state a claim upon which relief can be granted as he alleges neither a § 1983 due process violation, a § 1983 Fourth Amendment seizure violation, nor a § 1983 malicious prosecution claim. Because there was no § 1983 violation in the first instance, plaintiff's claim against defendant Ellis based on supervisory liability must fail. *See, e.g., Steen v. City of Pensacola*, 809 F. Supp. 2d 1342, 1349 (N.D. Fla. 2011).

Plaintiff's conclusory allegations of conspiracy in violation of 42 U.S.C. §§ 1985 and 1986 fall far short of the requisite pleading for these claims. There are four

elements required to state a cognizable § 1985(3) conspiracy claim: "'(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002) (*quoting Childree v. UAP/GA AG CHEM, Inc*, 92 F. 3d 1140, 1146-47 (11th Cir. 1996)). Additionally, to state a § 1985(3) claim, the plaintiff must allege "invidious discriminatory intent" on the part of the defendants. *Id*; *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971) (holding that any § 1985 subsection three claim must establish "some racial or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirators' actions to deprive plaintiffs of their civil rights). In pleading the existence of a conspiracy, plaintiff must plead with enough specificity to inform the defendant of the nature of the conspiracy which is alleged. Fed. R. Civ. P. 8. It is not enough to simply aver in the complaint that a conspiracy existed. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. at 556-557 (holding, in the context of a conspiracy claim asserted under the Sherman Act, that "[w]ithout more, parallel conduct does not suggest conspiracy"). Here, plaintiff makes only a conclusory assertion that the defendants' writing of "multiple false[ ] or unfound written disciplinary reports . . . violate[ed] . . . Federal Civil Rights under 42 U.S.C.A. § 1985 and § 1986, conspiracy to interfere with civil rights." (Doc. 24, p. 22). Plaintiff fails to allege even a minimum of factual support for the existence of a conspiracy, and further fails to allege any race or class-based animus as a foundation for his § 1985 claim. As

plaintiff fails to raise his right to relief above the line from the conceivable to the plausible, plaintiff's § 1985 claims should be dismissed.

Plaintiff's § 1986 claims must also be dismissed. Where no viable claim of conspiracy under § 1985 is established, there can be no derivative claim under § 1986 for failure to prevent a civil rights conspiracy. *See Farese v. Scherer*, 342 F.3d 1223, 1232 n. 12 (11th Cir. 2003) (affirming dismissal of § 1985 claims and, consequently, the § 1986 claims "[b]ecause §1986 claims are derivative of § 1985 claims" ) (*citing Park v. City of Atlanta*, 120 F. 3d 1157, 1159-60 (11th Cir. 1997)); *Santistevan v. Loveridge*, 732 F. 2d 116 (10th Cir. 1984); *Bieros v. Nicola*, 839 F. Supp. 332 (E.D. Pa. 1993).

Having disposed of plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim against defendant Ellis. 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citations omitted).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim and DISMISS that claim without prejudice.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 25th day of January, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).